THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
QUEEN DEAN, a/k/a Austin Queen, Defendant-Appellant.

Fifth District   No. 78-369

Opinion filed June 4, 1979.

Robert H. Rice, of Belleville, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

After a bench trial in the Circuit Court of Madison County, defendant, Queen Dean, was convicted of three counts of gambling and fined $500 plus court costs. At her trial, defendant asserted the affirmative defense that her reliance upon an order of the Illinois Appellate Court justified her belief that her conduct was not illegal. Defendant appeals, contending that her conviction was error because of the court's failure to acquit her based on the affirmative defense.

The charges against defendant arose out of her employment by Finish Line Express, Inc., which operated off-track messenger services for horse bettors at Granite City, where defendant worked, and at several locations throughout the State. Prior to defendant's arrest, her employer instituted suit in the Circuit Court of Cook County seeking to enjoin the City of Chicago, the State of Illinois and others from enforcing the provisions of section 37—39.1 of the Illinois Horse Racing Act of 1975 (Ill.

Rev. Stat. 1977, ch. 8, par. 37—39.1) against it. The circuit court dismissed the complaint for failure to state a cause of action, and Finish Line prosecuted an appeal to the First District Appellate Court, which stayed the circuit court's order pending appeal and entered an order on July 14, 1977, enjoining the defendants from enforcing the challenged section. Following the appellate court's order, defendant was arrested in Madison County for the offense of gambling in violation of section 28—1(a)(5) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 28—1(a)(5)). While defendant was awaiting trial on the charges, the First District Appellate Court held that section 37—39.1 of the Horse Racing Act was unconstitutional (*Finish Line Express, Inc. v. City of Chicago* (1st Dist. 1978), 59 Ill. App. 3d 419, 375 N.E.2d 526). However, that decision subsequently was reversed by the Illinois Supreme Court which ruled that the disputed statutory section was a valid exercise of the State's police power and thus affirming the circuit court's dismissal of Finish Line's complaint (*Finish Line Express, Inc. v. City of Chicago* (1978), 72 Ill. 2d 131, 379 N.E.2d 290).

At trial, the State showed, and defendant stipulated, that on October 31, 1977, and February 9, 1978, the dates of the alleged offenses, defendant had taken money as a wager on a horse race and furnished tickets therefore. Defendant testified that she had acted in reliance upon the July 14, 1977, order of the First District Appellate Court and her attorney's advice and that she had believed that her conduct was lawful. On cross-examination, defendant admitted that she had been warned by a Granite City police officer that her activities were illegal and that she had received a similar warning from the State's Attorney's office; however, it is unclear from the record whether these warnings preceded her arrest. At the close of all of the evidence, the court found that the defendant's belief that her conduct was lawful was unreasonable and found her guilty on all three counts of gambling.

It is well established in this State that one is presumed to know the law, and that ignorance of the law excuses no one. (*People v. Cohn* (1934), 358 Ill. 326, 331, 193 N.E. 150; *People v. Donahoe* (1921), 233 Ill. App. 277, 283.) However, an accused's reasonable belief that his conduct is not unlawful is a valid defense if he acts in reliance upon an order or opinion of an Illinois Appellate or Supreme Court. (Ill. Rev. Stat. 1977, ch. 38, par. 4—8(b)(3).) In this regard, defendant asserts that no evidence was adduced at trial to indicate that her belief was anything but reasonable. She also asserts that the applicable statute does not provide that an accused's reliance upon an appellate court order or opinion is in any way negated where the accused subsequently receives contrary interpretations of the legality of particular acts or conduct from sources other than those specified in section 4—8 of the Criminal Code of 1961.

It is the State's position that several considerations support the trial court's decision and that there was ample evidence to support the court's finding that defendant's belief that her conduct was unlawful was unreasonable. Chief among these considerations, the State argues, is the fact that the July 14, 1977, order merely enjoined enforcement of a section of the Horse Racing Act of 1975 and made no reference to section 28—1(a)(5) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 28—1(a)(5)), the statute under which defendant was prosecuted. The State maintains, therefore, that there was no language in the order upon which defendant might have relied in believing that she could not be prosecuted under the applicable provisions of the Criminal Code of 1961. We find this argument to be without merit.

Our inspection of the order of the appellate court leads us to conclude that a lay person could, and likely would, reasonably believe that their questioned employment activities were protected from interference by the State. We would not characterize the charges against defendant under the gambling statute as "prosecution by ambush" as does defendant; however, we are of the opinion that the spirit of the rule of the statutory defense of reliance has been abridged in the instant cause. We believe that defendant's testimony clearly established that she carried out her duties of employment with Finish Line in the reasonable belief that those duties were not unlawful. Hence, we find that the evidence presented was insufficient to sustain a finding that defendant was guilty beyond a reasonable doubt.

For the foregoing reasons, the judgment of the Circuit Court of Madison County is reversed.

Reversed.

JONES and KUNCE, JJ., concur.